IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Estate of James K. Workman by and through Robert C. Workman as Personal Representative, | ) Civil Action No. ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **NOTICE OF REMOVAL** ) |
| State Farm Mutual Automobile Insurance Company, | ) ) ) |
| Defendant. | ) ) |

**TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, CHARLESTON DIVISION:**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal of Case No. 2023-CP-10-01832 from the Court of Common Pleas, Charleston County, State of South Carolina, to the United States District Court for the District of South Carolina, Charleston Division. Copies of all process, pleadings and orders filed in Case No. 2023-CP-10-01832 as of the time of this removal are attached as Exhibit 1.

This is the second Notice of Removal filed for the subject state court. Following the first removal, this Court ordered that the case stated by the initial pleading was not removable based on the presence of Gallivan, White & Boyd, P.A. ("GWB"), a diversity-spoiling defendant. (Order, ECF No. 31, Aug. 2, 2023 (granting remand), C.A. No. 2:23-cv-02133-RMG.) State Farm has since received a copy of an amended pleading which voluntarily drops GWB as a defendant and thereby establishes diversity jurisdiction. (Am. Compl., Dec. 2, 2024 (dropping GWB), Ex. 1.) Although it has been more than a year since the commencement of the case in state court, this

removal is proper because 28 U.S.C. § 1446(c)(1)'s bad faith exception to the one-year limitation applies.

## STATEMENT OF GROUNDS FOR REMOVAL

*Background*

1. This case commenced on April 19, 2023 when State Farm, a citizen of Illinois for purposes of diversity jurisdiction, was served with a Summons and Complaint filed by Robert Workman, both in his capacity as the personal representative and in his individual capacity, and two of his siblings, Kelly Workman Tick and Matthew Workman (collectively, "Plaintiffs"), in the Charleston County, South Carolina, Court of Common Pleas.

2. In addition to State Farm, the Complaint named the law firm GWB, a citizen of South Carolina for purposes of diversity jurisdiction, as a defendant.

3. The Complaint alleged State Farm created "forged and false" documents, specifically a declarations page and a certified policy record of a State Farm Automobile Insurance Policy issued to non-party Melvin O. Lamb, Jr. ("Mr. Lamb") insuring a vehicle owned by Mr. Lamb with an excluded driver endorsement as to Mr. Lamb's son, Melvin O. Lamb, III ("Lamb III"), to avoid having to indemnify Lamb III who, while driving the insured vehicle, caused a serious, multi-car accident on June 12, 2021 involving, among others, James K. Workman ("Mr. Workman"), who died as a result of the accident. (*See, e.g.*, Compl. ¶¶ 1, 7, 11, 12, 30-33, 42, 50, Ex. 1.)

4. The Complaint further alleged State Farm, through its counsel, GWB, improperly filed and used the "forged and false" documents in State Farm's declaratory judgment action, Civil Action No. 2:21-cv-02623-MBS (the "DJA"), through which State Farm sought a judicial order

there was no coverage for the losses resulting from the June 12, 2021 accident. (*See, e.g.*, Compl. ¶¶ 1, 12, 13, 43, 49, 63, 64, Ex. 1.)

5.  While the Complaint alleged that the purpose of the suit was to "hold the Defendants [State Farm and GWB] responsible for their improper actions and conduct in the creation and use of false documents as part of a scheme to harm Plaintiffs and others" (Compl. ¶ 17, Ex. 1), it alleged State Farm alone created the "false documents" which GWB in turn used in the course and scope of its legal representation of State Farm.

6.  State Farm removed the case to this Court on May 19, 2023, which was within thirty days of service of the Summons and Complaint, based on diversity jurisdiction, and it was assigned Civil Action No. 2:23-cv-02133-RMG (*See* Notice of Removal, ECF No. 1, C.A. No. 2:23-cv-02133-RMG.) The amount in controversy exceeded $75,000 and, as argued in its Notice of Removal, State Farm believed there was complete diversity of citizenship because the South Carolina residency of GWB, against whom no claim could be made by Plaintiffs, should be disregarded pursuant to the fraudulent joinder doctrine. (*See id.*)

7.  Plaintiffs moved for remand, arguing State Farm could not meet the heavy burden of establishing fraudulent joinder. (*See* Mot. to Remand, ECF No. 11, C.A. No. 2:23-cv-02133-RMG; Reply in Supp. of Mot. to Remand, ECF No. 20, C.A. No. 2:23-cv-02133-RMG.) The Court granted the motion on August 2, 2023, and the case was remanded to state court on August 3, 2023. (Order, ECF No. 31, C.A. No. 2:23-cv-02133-RMG; Order, filed Aug. 3, 2023, Ex. 1 at pp. 140-143.)

8.  On September 1, 2023, State Farm and GWB each filed an Answer to the Complaint and a Motion for Judgment on the Pleadings. (*See gen.* Ex. 1.)

9. The Motions for Judgment on the Pleadings were heard ten months later, on July 10, 2024.

10. Thereafter, on August 29, 2024, the state court granted GWB's Motion for Judgment on the Pleadings in its entirety, dismissing every claim with prejudice based on the well-established law of attorney immunity. (*See* Order Granting Def. GWB's Mot. for J. on the Pleadings, Ex. 1.)

11. On September 20, 2024, the state court granted State Farm's Motion for Judgment on the Pleadings, dismissing every claim—some with prejudice, some without prejudice. (*See* Order as to State Farm's Rule 12(c) Mot. for J. on the Pleadings, Ex. 1.)

12. In addition to dismissing the causes of action, both orders granting judgment on the pleadings dismissed with prejudice Robert Workman in his individual capacity, Kelly Workman Tick, and Matthew Workman (the "Individual Plaintiffs") for lack of standing. (*See* Order Granting Def. GWB's Mot. for J. on the Pleadings, Ex. 1; Order as to State Farm's Rule 12(c) Mot. for J. on the Pleadings, Ex. 1.)

13. After Plaintiffs moved for reconsideration of the orders granting judgment on the pleadings, amended orders granting judgment on the pleadings to State Farm and GWB were entered on November 6, 2024. (*See* Am. Order Granting Def. GWB's Mot. for J. on the Pleadings, Ex. 1; Am. Order as to Def. State Farm's Rule 12(c) Mot. for J. on the Pleadings, Ex. 1.) The amended order granting judgment on the pleadings to GWB granted Robert Workman in his PR capacity (hereinafter, "Plaintiff") leave to amend the Complaint to try to state a cause of action against GWB but maintained the dismissal with prejudice of the Individual Plaintiffs for lack of standing. (*See* Am. Order Granting Def. GWB's Mot. for J. on the Pleadings, Ex. 1.)

4

*Abandonment of Any Case Against GWB*

14.     On December 2, 2024, Plaintiff filed an Amended Complaint which voluntarily dropped GWB as a defendant. While the substance of the amended pleading as to State Farm remains largely the same as it did in the original pleading, civil conspiracy, which had not been dismissed with prejudice, is no longer asserted, and it eliminates all previous references to GWB. In fact, there is no mention in the Amended Complaint of State Farm's use of legal counsel whatsoever. And while the original pleading's stated purpose was "to hold the Defendants responsible for their improper actions and conduct in the creation and use of false documents as part of a scheme to harm Plaintiffs and others" (Compl. ¶ 17, Ex. 1), the purpose of the suit now is "to hold **STATE FARM** responsible for its improper actions and conduct in the creation and use of false documents as part of a scheme to intentionally harm Plaintiff and others," (Am. Compl. ¶ 12 (emphasis in original), Ex. 1).

15.     Given the alleged wrongdoing that was the subject of the original pleading and remains the subject of this case occurred more than three years ago, the statute of limitations on any case against GWB, the once diversity-spoiling defendant, has expired, and GWB cannot be brought back in through subsequent amendment.

16.     The same day the Amended Complaint was filed, Plaintiffs filed a Notice of Appeal with respect to the state court's amended order granting judgment on the pleadings to State Farm. Plaintiffs did not, however, appeal the amended order granting judgment on the pleadings to GWB, which included the dismissal with prejudice of the Individual Plaintiffs, and the time to do so has lapsed.

17. Plaintiff having voluntarily dropped GWB from the Amended Complaint and Plaintiffs having waived any right to appeal the amended order granting GWB judgment on the pleadings, any case against GWB has been completely abandoned.

*Case Became Removable on December 2*

18. Plaintiff's December 2 Amended Complaint which voluntarily dropped GWB as a defendant created complete diversity of citizenship between Plaintiff, a citizen of South Carolina, and State Farm, a citizen of Illinois for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

19. In addition to there being complete diversity, the amount in controversy necessary to establish diversity jurisdiction under 28 U.S.C. § 1332 is satisfied. In the Amended Complaint, Plaintiff asserts abuse of process, fraud, and negligent misrepresentation and seeks to recover, in addition to punitive damages, attorney's fees allegedly incurred by the Estate of James Workman. (*See, e.g.*, Am. Compl. ¶¶ 62, 64, 98, Ex. 1.) While the Amended Complaint, like the original pleading, does not specify the amount of recovery sought from State Farm, the Estate of James Workman represented in state court that it was paying $4,000,000 in attorney's fees to Plaintiff's counsel after State Farm paid the Estate $10,000,000 to settle the Estate's claims against State Farm's named insured, Mr. Lamb, and his son, Lamb III.

*Timeliness of this Removal*

20. When a case stated by the initial pleading is not removable, Section 1446(b)(3) of Title 28 permits the filing of a notice of removal within 30 days after the defendant's receipt of an amended pleading from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b)(3).

21. Section 1446(c)(1) prevents a case from being "removed under subsection (b)(3) on the basis of [diversity] jurisdiction…more than 1 year after commencement of the action, unless

the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

22.     "A plaintiff's 'bad faith' can manifest itself in either of the two requirements for diversity jurisdiction," and, with respect to diversity of citizenship, "a plaintiff can name or retain nondiverse parties…to defeat complete diversity." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1261 (D.N.M. 2014). "Failure to actively litigate against the removal spoiler will be deemed bad faith," and courts often "inquire[] whether the plaintiff actively litigated against the removal spoiler in state court" by "asserting valid claims, taking [more than token] discovery, negotiating a settlement, … et cetera." *Id*. In assessing whether discovery on a diversity spoiler is token, courts consider the discovery "in light of: (i) the amount of time the spoiler spent joined to the case—the Court will expect less discovery taken from a spoiler joined for six months than from one joined for a year; and (ii) the size and money value of the case—the Court expects that discovery and motion practice bear some proportionality to the cases worth." *Id.* at 1275.

23.     This Notice of Removal is timely filed within 30 days after Plaintiff's electronic filing of the Amended Complaint as provided under subsection (b)(3). While it has been more than a year since the case was first commenced in state court, subsection (c)(1)'s bad faith exception to the one-year limitation applies.

24.     Plaintiffs' abrupt abandonment of any case against GWB was not in exchange for consideration. No settlement had been reached between any of the Plaintiffs and GWB. In fact, there had been no mention, much less discussion, of settlement between any of the parties before Plaintiffs' abandonment.

25.     Nor could Plaintiffs' abandonment of any case against GWB have been based on information gathered in discovery—no depositions have taken place yet, and at the time of

abandonment there had been no change in the information or materials available to Plaintiffs through discovery.

26.     With respect to written discovery, one of the three Plaintiffs served an identical set of discovery requests—interrogatories and requests for production—on State Farm and GWB together with the Summons and Complaint in April 2023. (*See* Plaintiff Robert C. Workman's First Discovery Requests to Defendants, attached as **Ex. 2**.) While the discovery requests were generally directed "to Defendants," they were nothing more than token discovery with respect to GWB. In this regard, the requests were either substantively directed to State Farm alone or otherwise sought information and materials that were not uniquely within GWB's possession, and they did not include any discovery request aimed at advancing any claim against GWB.

27.     As evidenced by their Motion to Remand and Reply following State Farm's first removal, Plaintiffs understood that to get around the well settled law of attorney immunity and advance a case against GWB they needed to both allege and prove GWB had acted in furtherance of its own interests outside the scope of its representation of State Farm. (*See gen*. Mot. to Remand, ECF No. 11, C.A. No. 2:23-cv-02133-RMG; Reply, ECF No. 20, C.A. No. 2:23-cv-02133-RMG.) Yet the token discovery served on GWB was devoid of any request relevant to attorney immunity or an exception thereto.

28.     Further indicating no intent to actively litigate and seek to recover from GWB, Plaintiffs, in response to State Farm's discovery, identified employees of GWB as witnesses "expected to testify about representing State Farm in the [DJA]" and "the representation of State Farm in the [DJA]" only, not GWB's interests and any conduct taken outside the scope of its representation of State Farm. (Pls.' Answers to Interrog. 1 & 2, attached as **Ex. 3**.). In other words, Plaintiffs' discovery responses reveal claims against GWB were nothing more than a tool.

29. Moreover, while Plaintiffs, prior to the orders granting judgment on the pleadings, had started asking about the scheduling of depositions of State Farm witnesses, at no time prior to the abandonment did Plaintiffs inquire about, much less pursue a deposition of GWB or its witnesses.

30. Plaintiffs did not actively litigate claims against GWB and, therefore the one-year limitation set forth in 28 U.S.C. § 1446(c)(1) is inapplicable based on the bad faith exception considering Plaintiffs never asserted any valid claims against GWB; Plaintiffs did not negotiate or attempt to negotiate a settlement with GWB; Plaintiffs did not seek to depose GWB and only one, non-unique set of discovery requests was served on GWB at the time the Complaint was served despite the size and money value of the case—again, it appears the recovery sought is at least $4,000,000—and the fact that GWB was in the case for more than a year before Plaintiffs' abandonment. *See Aguayo*, 59 F. Supp. 3d at 1275. Enthusiastically fighting to keep GWB as a defendant and, in turn, keep the case in state court, while not pursuing any unique discovery of GWB or discovery aimed at pursuing any claim against GWB, and then dropping GWB after the time for removal has lapsed without any consideration given or new information learned in discovery further supports this conclusion. *See Guerrero v. C.R. England, Inc.*, No. 7:23-CV-00053, 2023 WL 3480903, at *4 (S.D. Tex. May 16, 2023) (concluding plaintiffs did not actively pursue the diversity spoiling defendants following the court's initial remand and finding "Plaintiffs acted in bad faith to prevent removal of this action").

## **NOTICE**

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Charleston County Court of Common Pleas for Case No. 2023-CP-10-01832 and will be electronically served on Plaintiff's counsel.

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, this action should proceed in the United States District Court for the District of South Carolina, Charleston Division, as an action properly removed thereto.

WHELAN MELLEN & NORRIS, LLC

By: s/ M. KATHLEEN McTIGHE MELLEN
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
M. Kathleen McTighe Mellen
Federal Bar No. 11652
E-Mail: katie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Attorneys for State Farm Mutual Automobile Insurance Company*

Charleston, South Carolina

January 2, 2024